**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VALERIE FLORES,

                                        Plaintiff,
                v.

JOSH SMITH, et al.,                                      No. 1:26-CV-0121
                                                         (MAD/PJE)

                                        Defendants.

---

**APPEARANCES:**

Valerie Flores
P.O. Box 1110 ACP 5749
Albany, New York 12201
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION and ORDER

Plaintiff pro se Valerie Flores[1] purported to commence this action on January 26, 2026, with the filing of a complaint. *See* Dkt. No. 1. In lieu of paying this Court's filing fee, plaintiff submitted an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 2. She also filed a motion for appointment of counsel and motion to amend. *See* Dkt. Nos. 3, 8. On April 8, 2026, plaintiff filed a letter seeking to "correct the record and update Josh Smith name to William Fitzgerald." Dkt. No. 8. The

---

[1] Plaintiff has repeatedly commenced actions in this Court, despite it not being the proper venue. Indeed, due in part to this issue, on February 4, 2026, this Court implemented a prefiling injunction stating that plaintiff may not commence any new actions in this District without proper permission of the chief judge, as well as a revocation of her MFT (electronic filing) privileges. *See* 1:26-pf-0001 (BKS), *In re Valerie Flores*. As this action was commenced before the entry of that prefiling injunction, it does not apply to this case.

undersigned has reviewed plaintiff's IFP application and determines that she financially qualifies to proceed IFP.[2]  As IFP has been granted, the Court is compelled to review plaintiff's complaint pursuant to 28 U.S.C. §§ 1915; 1915A.

It appears that plaintiff is currently a resident of the Northern District of New York. *See* Dkt. Nos. 1, 1-1. Plaintiff's provided address is based on her participation in the New York State Address Confidentiality Program, which allows use of a post office box in Albany, New York.  *See* Dkt. No. 1 at 7.  Plaintiff names Josh Smith;[3] Brendan Conaway, potentially also known as "Ryan"; Jesse Heald; and Jesse and Hector Cortes as defendants.  She alleges Smith is a citizen of Wisconsin, Georgia, or New Hampshire; Conaway a citizen of Wisconsin, Indiana, or California; Heald, a citizen of Wisconsin, Iowa, or Missouri; Jesse Cortes, a citizen of Wisconsin; and Hector Cortes, a citizen of Illinois.

Plaintiff has failed to establish that venue is proper in the Northern District of New York. The only connection to the Northern District of New York is that she alleges to reside here. *See* Dkt. No. 1. "[I]t is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 185 (1979).

> Notwithstanding Plaintiff's present geographical location, the venue statute does not refer to where any plaintiff resides. The statute refers to the district where the defendants reside if they all reside in the same state in which the district is located, or to a district where a substantial part of the acts or omissions that form the basis for the complaint occurred.

---

[2] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

[3] In her letter request, she seeks to rename Josh Smith as William Fitzgerald.

*Townsend v. Pep Boys, Manny Moe and Jack*, 1:13-CV-1606 (MAD/RFT), 2014 WL 4826681, at *3 (N.D.N.Y. Sept. 29, 2014)[4] (citing 28 U.S.C. § 1391(b)(1), (b)(2)). Venue in civil actions in federal court is governed by 28 U.S.C. § 1391(b), which provides,

> [a] civil action may be brought in—
> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

> Although a plaintiff's choice of forum is generally granted "considerable weight,"

> [w]hen a case is filed in a district in which venue is improper, the court "shall dismiss" the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Even if venue is proper, a district court may sua sponte transfer an action in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought. 28 U.S.C. § 1404(a); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); *Kelly v. Kelly*, 911 F.Supp. 70, 71 (N.D.N.Y. 1996).

*Hines v. Dell*, No. 5:20-CV-638 (TJM/ATB), 2020 WL 3100260, at *2 (N.D.N.Y. June 11, 2020), *report and recommendation adopted*, No. 5:20-CV-638 (TJM/ATB), 2020 WL 4500677 (N.D.N.Y. Aug. 5, 2020). "When considering whether to transfer an action sua sponte, courts follow the same traditional analysis used when a party moves for a change of venue." *Id.* at 2 (citing *Flaherty v. All Hampton Limousine, Inc.*, No. 01 Civ. 9939 (SAS), 2002 WL 1891212. at *1-2 (S.D.N.Y. Aug. 16, 2022)). Specifically,

---

[4] As the Court recently provided Plaintiff with copies of these unpublished cases in connection with another of her cases,1:25-CV-01733 (MAD/PJE), *Flores v. Vang, et al.*, the Court does not provide additional copies.

3

"[m]otions to transfer venue are governed by a two-part test: (1) whether the action to be transferred 'might have been brought' in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Id.* (quoting *Flaherty*, 2002 WL 1891212, at *1).  Plaintiff resides in Albany, New York. *See* Compl. at 1.  Apart from plaintiff's apparent domicile, the complaint is devoid of any connection to the Northern District of New York. *See generally* Dkt. No. 1.

Affording Plaintiff due solicitude, the undersigned can only speculate from the allegations in the complaint where venue might lie.   As to the various Defendants' states of residency, Plaintiff alleges that they potentially reside in no fewer than eight different states, without any specific address, city, town, or county provided for any Defendants.  *See* Dkt. No. 1   As to where a substantial part of the events or omissions giving rise to the claim occurred, straining the limits of solicitude, Plaintiff appears to contend seeing the defendants in Wisconsin, Georgia (where she also alleges defendant Smith/Fitzgerald stalked and harassed her), Florida, Illinois, Indiana, and Iowa.  *See generally id.*; dkt. no. 6.  None of the allegations that the undersigned can decipher from the complaint are alleged to have occurred in the Northern District of New York.  As it is clear that Plaintiff's residence in the Northern District of New York is the sole connection this action has to this District, venue is improper in this District.  *See* 28 U.S.C. §§ 1391(b)(2), 1404.

When a case is filed in a district in which venue is improper, the court shall dismiss the case, or "if it be in the interests of justice, transfer the case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).  Whether to dismiss or transfer a case is discretionary.  *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d

4

Cir. 1993). The Second Circuit has cautioned that a court should not dismiss for improper venue on its own motion, "except in extraordinary circumstances." *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992) (emphasis added).  Because the complaint contains no facts establishing that venue lies in this District, and because the Court cannot determine from the pleading the district in which venue would properly lie, the undersigned recommends the complaint be dismissed without prejudice.

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that Plaintiff's complaint be dismissed without prejudice and with leave to renew in a District where venue lies; and it is further

**RECOMMENDED**, that Plaintiff's motion for appointment of counsel and motion to amend, dkt. nos. 3, 8, be dismissed as moot, with leave to renew in the District where venue lies; and it is

**ORDERED**, that the Clerk of this Court serve a copy of this Report-Recommendation & on Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. *See Roldan v. Racette*, 984 F.2d

85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d

Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[5]

Dated: May 11, 2026
Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).