UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

VALERIE FLORES,

                                    **Plaintiff,**

        vs.                                                      **1:26-CV-121**
                                                                 **(MAD/PJE)**

JOSH SMITH, *et al.*,

                                    **Defendants.**

_____

**APPEARANCES:**                          **OF COUNSEL:**

**VALERIE FLORES**
Albany, New York
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On January 26, 2026, Valerie Flores[1] ("Plaintiff") commenced this action *pro se*. *See* Dkt.

No. 1. She alleges that Josh Smith, Brendan Conaway,[2] Jesse Heald, Jesse Cortes, and Hector

Cortes ("Defendants") stalked, sexually harassed, and intimidated her on numerous occasions

over several years. *See id.* at 4-5. She seeks "an injunction against these men" and restitution

under Wisconsin, Indiana, Illinois, and Florida law. *Id.* at 4. She also moved for appointment of

counsel and amendment of Defendant Smith's name in the case caption.[3] *See* Dkt. Nos. 3, 8.

---

[1] Plaintiff is bound by a filing injunction in this District, which Chief Judge Brenda K. Sannes issued on February 4, 2026. *See In re Flores*, No. 1:26-PF-1, Dkt. No. 3 (N.D.N.Y. Feb. 4, 2026). The complaint in this action was filed prior to that date. *See* Dkt. No. 1; Dkt. No. 9 at 1 n.1.

[2] According to the complaint, Defendant Conaway "might be going by the name 'Ryan' now[.]" Dkt. No. 1 at 1.

[3] Plaintiff claims Defendant Smith changed his name to William Fitzgerald to escape criminal liability. *See* Dkt. No. 8.

1

In a Report-Recommendation and Order dated May 11, 2026, Magistrate Judge Paul J. Evangelista recommended that this Court dismiss the complaint without prejudice due to improper venue. *See* Dkt. No. 9 at 5. Likewise, Magistrate Judge Evangelista recommended denying as moot the motion for appointment of counsel and motion to amend the caption. *See id.*

On June 11, 2026, Plaintiff filed objections to the Report-Recommendation and Order. *See* Dkt. No. 12. The objections accuse three individuals, who are not mentioned in the complaint, of "unwanted & unwarranted stalking & harassment[.]" *Id.* at 1. Plaintiff claims one of these people "may have traveled to NY to stalk & harass [her] on 12/23/25[,]" and another "showed up to a place [Plaintiff] was at in 2025 & possibly showed up in Washington DC[.]" *Id.* She also discusses an out-of-state encounter with a man in a pickup truck, but does not specify where the interaction occurred. *See id.* at 1-2. The objections do not respond to Magistrate Judge Evangelista's conclusion that venue is improper in this District. For the reasons stated below, the Court adopts the Report-Recommendation and Order in its entirety.

In reviewing a report-recommendation and order, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citations and internal quotation marks omitted). A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Id.* at 359 (citations omitted). The Second Circuit has stated that "a party must object to the finding or recommendation on [an] issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* (citations and internal quotation marks omitted). When a party does not

2

object, or do so properly, the court reviews the magistrate judge's recommendations for clear error. *See id.* at 359-60. Because Plaintiff's objections do not specifically respond to Magistrate Judge Evangelista's recommendations, the Court reviews the Report-Recommendation and Order for clear error.

*Pro se* litigants' filings should "'be liberally construed'" and "'held to less stringent standards'" than attorney-drafted submissions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, this Court must construe Plaintiff's complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted).

As the Report-Recommendation and Order states, proper venue depends upon the defendants' places of residence, the location where "a substantial part of the events or omissions giving rise to the claim occurred," or, in certain circumstances, the availability of a judicial district where "any defendant is subject to the court's personal jurisdiction[.]" Dkt. No. 9 at 3 (quoting 28 U.S.C. § 1391(b)). Magistrate Judge Evangelista explained that Plaintiff's residence in Albany, New York, is the action's only discernible connection to this District and not a viable basis for venue.[4] *See id.* at 2-3; Dkt. No. 1 at 1, 3. The Court agrees with Magistrate Judge Evangelista that Plaintiff fails to establish venue in the Northern District of New York. *See* Dkt. No. 9 at 4.

Although the Court has discretion to transfer the case to another judicial district, *see* 28 U.S.C. § 1406(a), it declines to do so. "Courts will generally transfer [improperly venued] cases

---

[4] Construing the complaint liberally, Defendants' states of citizenship are alleged to be some combination of the following: Wisconsin, Georgia, New Hampshire, Indiana, California, Iowa, Missouri, and Illinois. *See* Dkt. No. 1 at 2-3. Furthermore, the complaint appears to allege that the challenged conduct occurred in Iowa, Illinois, Georgia, Florida, Wisconsin, Indiana, and California. *See id.* at 4-5.

when it is clear wherein proper venue would be laid[,]" *Metropa Co., Ltd. v. Choi*, 458 F. Supp. 1052, 1055-56 (S.D.N.Y. 1978) (footnote omitted), but as Magistrate Judge Evangelista pointed out, the complaint's broad allegations[5] across multiple states diminish the Court's ability to determine where venue would be most proper, *see* Dkt. No. 9 at 5.  The Court agrees that dismissing the complaint without prejudice is appropriate.  *See id.* at 4-5.

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Evangelista's Report-Recommendation and Order (Dkt. No. 9) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice and with leave to renew in a judicial district where venue lies**; and the Court further

**ORDERS** that Plaintiff's motion to appoint counsel (Dkt. No. 3) and motion to amend the case caption (Dkt. No. 8) are **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules and close this case.

**IT IS SO ORDERED.**

Dated:  June 25, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[5] Although Plaintiff's complaint purports to assert civil claims, it can also be construed to allege criminal conduct.  *See* Dkt. No. 1 at 4-5 (requesting "crime victim compensation"); Dkt. No. 1-1 (simultaneously identifying civil causes of action and citing federal criminal statutes).  A civil lawsuit is not an appropriate way to initiate criminal charges against a defendant.  *See Dan v. Hochul*, No. 1:25-CV-122, 2025 WL 2818680, *8-9 (N.D.N.Y. Oct. 2, 2025) (collecting cases). "[C]rimes are prosecuted by the government, not by private parties."  *Hill v. Didio*, 191 Fed. Appx. 13, 14-15 (2d Cir. 2006) (summary order) (citing *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972)).